O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Granting Petition to Confirm Arbitration Award and Enter Judgment**

Pending before the Court is Petitioner Kirby Morgan Dive Systems, Inc.'s Petition to Confirm Arbitration Award and Enter Judgment. A hearing on the motion was held on January 5, 2010. After considering the arguments presented in the papers and at the hearing, the Court GRANTS the Petition to Confirm Arbitration Award and Enter Judgment.

I.    Background

This matter concerns the judicial confirmation of an arbitration award. Petitioner Kirby Morgan Dive Systems, Inc. ("Kirby Morgan") is a California corporation that develops commercial diving equipment. *See Petition to Confirm Arbitration Award and Enter Judgment ("Petition")* ¶ 1. Respondent Hydrospace, Ltd. ("Hydrospace") is a Scottish Limited Liability Company with a principal place of business in Aberdeen, Scotland. *See id.* ¶ 2. Respondent David Smith ("Smith"), the managing director and sole owner of Hydrospace, is also a resident of Scotland. *See id.* ¶ 3. On June 23, 2003, Steve Kushner, the president of Kirby Morgan, and Smith signed a dealer agreement ("the Agreement") on behalf of their respective companies.

The Agreement authorized Hydrospace to promote, market, sell, and service Kirby Morgan products in the British Isles. Additionally, Hydrospace was prohibited from "participat[ing], directly or indirectly, in the design, manufacturing, or production of any products or services competitive in any respect with the [Kirby Morgan] Products distributed now or hereafter under th[e] Agreement." *See C. Morgan Decl.*, Ex. A ¶ 6.2. In the event of a dispute, the Agreement required arbitration pursuant to the following arbitration clause:

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

> Any controversy, claim or dispute arising out of or relating to this Agreement . . . shall be finally settled by conciliation or arbitration at Santa Barbara, California under the rules of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction.  In this regard, the parties submit to the personal subject matter jurisdiction of the State of California.

*Id.* ¶ 16.  The Agreement also contained a choice of law provision, which stated that California law would govern all conflicts relating to the construction or enforcement of the Agreement.  *See id.* ¶ 15.

Some time after the Agreement was signed, Hydrospace purchased the manufacturing rights to competing commercial diving equipment that appeared similar to Kirby Morgan products.  Believing that this purchase constituted a breach of the Agreement, Kirby Morgan terminated the Agreement and filed a Demand for Arbitration in Pasadena, California on September 4, 2008, naming both Hydrospace and Smith as respondents.  According to the Demand, Kirby Morgan sought compensatory damages for the breach as well as "other and further relief as permitted by law and/or equity."  *C. Morgan Decl.*, Ex. D, at 45-46.

On October 3, 2008, Smith, specially appearing, filed a Petition to Quash Claim in Arbitration for Lack of Personal Subject Matter Jurisdiction, claiming that neither the Court nor the American Arbitration Association had personal jurisdiction over him.  On January 2, 2009, however, the Court *sua sponte* dismissed Smith's petition for want of subject matter jurisdiction.  On May 28, 2009, an arbitrator of the American Arbitration Association, International Centre for Dispute Resolution, awarded Kirby Morgan monetary and injunctive relief against Hydrospace and Smith.  *See Cislo Decl.* ¶ 2.  In particular, the arbitrator awarded Kirby Morgan $1,709,064.04 in damages[1] and enjoined Hydrospace and Smith from further infringing Kirby

---

[1] The Arbitral Award is inconsistent with Kirby Morgan's Proposed Order and Judgment.  The arbitrator awarded $507,714.04 in compensatory damages and $1,188,300.00 in punitive damages for a base total award of $1,696,014.04.  It is unclear how the arbitrator went from a base total award of $1,696,014.04 to the sum of $1,709,064.04.  *See Cislo Decl.*, Ex. A, at 26.  However, taking the base total award of $1,696,014.04 and adding the $33,675.00 in fees and costs also awarded by the arbitrator yields a result of $1,729,689.04, the monetary award indicated in Kirby Morgan's Proposed Order and Proposed Judgment.  At oral argument, Plaintiff's counsel did not explain the discrepancy and asked the Court to award Kirby Morgan the amount determined by the arbitrator.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

Morgan's trademarks and copyrights and from manufacturing competing dive products for a specified period.  *See id.*, Ex. A, at 26-27.  Smith received notice of all documents and events during the arbitration, but did not participate.  *See id.* ¶¶ 3-4, Ex. B (cataloging notice to Hydrospace and Smith during the arbitral proceedings).

Upon receipt of the award, Kirby Morgan filed a Petition to Confirm Arbitration Award and Enter Judgment on July 9, 2009.  On October 7, 2009, Smith, again specially appearing, filed a Motion Opposing Petition, Kirby Morgan filed an Opposition to the motion, and Smith filed a Reply.[2]  In order to properly resolve the Petition, the Court set a hearing on the original Petition and permitted Kirby Morgan to file a Sur-Reply to respond to new issues raised in Smith's Reply.

II.    Legal Standard

Under the Federal Arbitration Act ("FAA"), federal courts have "only limited authority to review arbitration decisions, because broad judicial review would diminish the benefits of arbitration."  *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  Under 9 U.S.C. § 9, a party may seek a judicial order confirming and entering an arbitration award, and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."  9 U.S.C. § 9.  Thus, federal judicial review of an arbitral decision and award is significantly limited, and confirmation is required "even in the face of erroneous findings of fact or misinterpretations of law."  *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986); *see also United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987).

III.    Discussion

Kirby Morgan's Petition seeks confirmation of the arbitral award and entry of judgment. Smith opposes the Petition on the grounds that the Court lacks personal jurisdiction over him and that the arbitrator improperly added causes of action during the arbitration.  Additionally, in his Reply, Smith argues that the arbitration was improper because Kirby Morgan proceeded on a

---

[2] Hydrospace has not filed an opposition to the Petition and did not join any portion of Smith's Motion Opposing Petition.  Therefore, Hydrospace consents to the confirmation and enforcement of the arbitral award against it.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

default basis and did not obtain a prior court order compelling arbitration. However, as discussed below, the Court confirms Kirby Morgan's Petition because (1) the Court has subject matter jurisdiction over the Petition, (2) the Court has personal jurisdiction over Smith, (3) Kirby Morgan was permitted to proceed on a default basis against Smith, (4) Kirby Morgan was not required to obtain a prior order compelling arbitration, and (5) Smith fails to present sufficient evidence to vacate or modify the award.

A.   Subject Matter Jurisdiction

In its Petition, Kirby Morgan alleges several grounds for subject matter jurisdiction. *See Petition* ¶ 4. In particular, Kirby Morgan claims that the Court has subject matter jurisdiction under §§ 1332 and 1338.

1.   Diversity

Kirby Morgan claims jurisdiction under § 1332 because Kirby Morgan is allegedly a citizen of the state of California, on the one hand, and Hydrospace and Smith are citizens of Scotland, on the other, and the arbitral award exceeds $75,000.00. *See Petition* ¶ 4. Hydrospace is a limited liability company located in Scotland, and not an alien corporation. *See id.* ¶ 2. Thus, the citizenship of Hydrospace is determined by the citizenship of its members. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 12:107 (The Rutter Group 2009). The record indicates that Smith owned a one-hundred percent interest in Hydrospace and was its sole director. Thus, the averment that Smith lives in Scotland is sufficient to also establish the exclusive citizenship of Hydrospace in Scotland. As the Petition involves a California corporation and Scottish citizens, the Court has subject matter jurisdiction under § 1332.

2.   Copyright and Trademark Infringement

Kirby Morgan claims subject matter jurisdiction under 28 U.S.C. § 1338 because its arbitration involved claims of, *inter alia*, trademark and copyright infringement and unfair competition. *See* 28 U.S.C. § 1338(a), (b). Technically, Kirby Morgan has not filed a *cause of action* under § 1338, but rather has filed a *petition* to confirm an arbitral award under § 9 of the FAA. Thus, it is not readily apparent on the face of the Petition that it falls under § 1338.

The critical inquiry here is whether the Court must find subject matter jurisdiction on the face of a petition without further inquiry, or whether the Court is permitted to look beyond a

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

petition to the underlying claims.  With regard to § 4 petitions to compel, the U.S. Supreme Court recently adopted the "look through" approach.  *See Vaden v. Discover Bank*, —U.S.—, 129 S. Ct. 1262, 1273, 173 L. Ed. 2d 206 (2009).  By analogy to § 9 petitions, the Court has subject matter jurisdiction by looking through Kirby Morgan's Petition because the arbitration involved claims of copyright and trademark infringement.  *See Cislo Decl.*, Ex. A, at 10.  Thus, the Court also has subject matter jurisdiction over Kirby Morgan's Petition under § 1338.

> B.     Personal Jurisdiction over Smith

Smith challenges the arbitral award on the grounds that the Court lacks personal jurisdiction over him.  Despite the FAA's general deference toward arbitration, issues of arbitrability are generally reserved for the courts.  *See Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 208-09, 111 S. Ct. 2215, 115 L. Ed. 2d 177 (1991) ("Whether or not a company is bound to arbitrate, as well as what issues it must arbitrate, is a matter to be determined by the court . . . ."); *Carpenters 46 N. Cal. Counties Conference Bd. v. Zcon Builders*, 96 F.3d 410, 414 (9th Cir. 1996) ("Sharon Hill also contends that the district court erred in deferring to the arbitrator's decision that Sharon Hill, as the alter ego of Zcon, was subject to the arbitration provisions . . . .  Specifically, Sharon Hill argues that such issues of arbitrability are for the courts, so that no deference should have been given to the arbitrator's decision.  We agree with the premise that arbitrability, under most circumstances, must be resolved by the court, and we conclude that the facts of this case do not warrant a departure from that general rule.").  Therefore, the Court must decide whether it can exercise personal jurisdiction over Smith before confirming and entering the award against him.  *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1121 (9th Cir. 2002) ("[A]n action to enforce a foreign arbitral award requires jurisdiction over the award debtor or his property." (emphasis omitted) (quoting Restatement (Third) of Foreign Relations Law § 487, cmt. C (1987))).

In this case, Smith signed the Agreement in his capacity as the managing director of Hydrospace, and thus, according to Smith, he was not subject to arbitration and did not consent to personal jurisdiction.  In opposition, Kirby Morgan argues that the Court has personal jurisdiction over Smith for two reasons.  First, § 9 provides a statutory mechanism for exercising personal jurisdiction over a party to an arbitration for the purposes of confirming and entering an award.  Second, Smith is deemed to have consented to the arbitration clause as Hydrospace's alter ego.

> 1.     Section 9 of the FAA

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

Personal jurisdiction can arise upon service of a petition in accordance with § 9.  *See Reed & Martin, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268, 1276-77 (2d Cir. 1971) ("The [FAA] provides for a specific means of obtaining personal jurisdiction in the district agreed to by the parties, which procedures were followed here.").  According to § 9 of the FAA, "Notice of the application [for confirmation of the award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."  9 U.S.C. § 9.  The statute requires that service of a non-resident of the district shall be made by the marshal of any judicial district within which the adverse party may be located.  *See id.*

On August 5, 2009, Kirby Morgan filed a Notice of Filing of Proof of Service Under the Hague Convention on Hydrospace, Ltd. and David Smith of Petition to Confirm Arbitration Award and Enter Judgment.  *See* Dkt. #9.  This filing was followed by a Notice of Service, indicating that, *inter alia*, the Petition to confirm and enter the arbitral award was served upon Smith in Aberdeen, Scotland.  *See* Dkt. #10.  However, as service was not made by a marshal in a judicial district in the United States, such service does not give the Court personal jurisdiction over Smith under § 9.  *See Marine Trading Ltd. v. Naviera Commercial Naylamp S.A.*, 879 F. Supp. 389, 391 (S.D.N.Y. 1995) (failing to find personal jurisdiction over a foreign corporation under § 9 because "the statute does not provide for service of the respondent at any location that does not lie within a judicial district of the United States").  Therefore, the Court lacks personal jurisdiction over Smith under § 9.

> 2.     Consent and Alter Ego

Smith argues that he is beyond the jurisdiction of this Court simply because did not sign the Agreement in his personal capacity.  However, as the Ninth Circuit has held, the Court is permitted to look beyond the signature line of a contract to exercise personal jurisdiction over a nonsignatory under an alter ego theory.[3]  *See Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984) ("[I]f [nonsignatories] Leon and Alfred Harvey were the alter egos of the five signatories and of the other Harvey corporations and partnerships, jurisdiction could be asserted over them all.").  Hydrospace consented to personal jurisdiction in the Agreement, *see C. Morgan Decl.*, Ex. A ¶ 16, and the Court's personal jurisdiction will extend to Smith if he is deemed to be an alter ego of Hydrospace.

---

[3] At oral argument, Smith's counsel conceded that alter ego theory can be used to obtain personal jurisdiction over a defendant.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|----------|-----------------------|------|------------------|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

Courts may apply alter ego principles when determining the enforcement of an arbitration agreement against nonsignatories. *See Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) (noting in the arbitration context that "these principles are '1) incorporation by reference; 2) assumption; 3) agency; 4) *veil-piercing/alter ego*; and 5) estoppel'" (emphasis added and citation omitted)). Under the alter ego analysis, a member of a limited liability company may be liable if (1) a sufficient "unity of interest and ownership" exists such that the member and company are no longer separate, and (2) an inequitable result will follow if the company and member are treated separately. *See Ministry of Def. of the Islamic Republic of Iran v. Gould, Inc.*, 969 F.2d 764, 769 (9th Cir. 1992); *RRX Indus., Inc. v. Lab-Con, Inc.*, 772 F.2d 543, 545 (9th Cir. 1985); *People v. Pac. Landmark*, 129 Cal. App. 4th 1203, 1212, 29 Cal. Rptr. 3d 193 (2005). The plaintiff bears the burden of establishing the elements of alter ego liability. *See Sammons Enters., Inc. v. Superior Court*, 205 Cal. App. 3d 1427, 253 Cal. Rptr. 261 (1988).

In this case, Kirby Morgan has presented sufficient evidence that Smith was Hydrospace's alter ego, and thus that the Court may exercise personal jurisdiction over Smith. First, Smith and Hydrospace have a sufficient unity of interest. Smith is the sole and only director of Hydrospace, *see B. Morgan Decl.* ¶ 8, a claim that Smith does not dispute. The fact that Smith has exerted total control over Hydrospace weighs strongly in favor of holding Smith personally accountable for Hydrospace's obligations and liabilities under the Agreement. *See RRX Indus.*, 772 F.2d at 545-46 ("The district court found the requisite unity of interest and ownership in Kelly's exertion of total control over TEKA. The record supports this finding. Kelly was the president and only officer, director, and stockholder of TEKA. TEKA had no Board of Directors and no employees. No TEKA stockholder meetings were ever held.").

Furthermore, Kirby Morgan has provided evidence of Hydrospace's undercapitalization, which suggests that Smith did not regard Hydrospace as a separate entity. *See Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1110 n.4 (9th Cir. 1979) (including undercapitalization as a factor to consider under the first element of alter ego liability). To support its claim that Smith undercapitalized Hydrospace, Kirby Morgan provides an Abbreviated Balance Sheet for Hydrospace, filed with Companies House in the United Kingdom. *See B. Morgan Decl.* ¶ 9, Ex. F, at 79.[4] The Abbreviated Balance Sheet indicates that Hydrospace had net assets of

_____

[4] The Court may examine extrinsic evidence and affidavits when making a determination of personal jurisdiction. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Smith objects to Exhibit F on the grounds that the Abbreviated Balance Sheet is "not explained . . . may not be complete . . . is unintelligible on its own terms . . . [and] is hearsay." *Evidentiary*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

£10,753.00 in 2007 and £14,705.00 in 2008. *See B. Morgan Decl.* ¶ 9, Ex. F, at 79. These assets appear to be insufficient to maintain an "adequate stock" of Kirby Morgan diving equipment, as required under the Agreement. *See C. Morgan Decl.*, Ex. A, ¶ 2(f) (requiring Hydrospace to "[c]arry a representative and adequate stock of Products suitable for efficient promotion, sale and delivery of the Products, and to satisfy customer service requirements"). Indeed, Kirby Morgan products are apparently expensive to stock and service, with a single Kirby Morgan diving helmet costing approximately £4,000.00, to cite one example. *See B. Morgan Decl.* ¶ 2, 9. Hydrospace's apparent undercapitalization is further evidence that Smith and Hydrospace shared a sufficient unity of interest.

Second, an injustice would result if the Court refuses to hold Smith liable. Because Hydrospace is undercapitalized, Kirby Morgan will not be able to recover the full extent of its monetary award from Hydrospace alone. *See RRX Indus.*, 772 F.2d at 546. Although an inability to collect a judgment is a not a sufficient inequity under the alter ego analysis, *see Seymour*, 605 F.2d at 111, Kirby Morgan also claims that Smith managed Hydrospace as a shell company and that he still operates his primary business enterprise, National Hyperbaric Centre. *See B. Morgan Decl.* ¶ 16; *id.* ¶ 12, Ex. J (including Abbreviated Balance Sheet for the National Hyperbaric Centre filed with Companies House).[5] If the award is limited to Hyrdrospace, Smith

---

*Objections to Decl. of Bev Morgan in Support of Opp. to Mot. Opposing Petition to Confirm Arbitration Award ("Objs. to B. Morgan Decl.")* 5:20-26. The Court, however, overrules these objections. Bev Morgan testifies that the exhibit is a "true and correct copy of the UK Companies House information showing this information," *B. Morgan Decl.* ¶ 8, and that he discovered "the financial data filed by [Smith] concerning Hydrospace and NHC," *id.* ¶ 16. The Court can reasonably infer that the document is a Hydrospace financial statement filed with Companies House, *see* Fed. R. Evid. 901(a). Furthermore, the Court finds that the cited portion of the exhibit is not hearsay under Federal Rule of Evidence 801(d)(2) because it is a party admission by Smith. *Cf. In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (finding that "e-mails written by a party are admissions of a party opponent").

[5] Smith objects to the Abbreviated Balance Sheet provided in Exhibit J to the Declaration of Bev Morgan. *See Objs. to B. Morgan Decl.* 11:15-10:12. Smith claims that the filing is irrelevant and unauthenticated, and that Bev Morgan lacks personal knowledge. The Court overrules these objections. Bev Morgan lays sufficient foundation for the admissibility of the exhibit. *See B. Morgan Decl.* ¶ 12 (declaring the exhibit to be a true and correct copy of the Companies House filing); *id.* ¶ 16 (attesting to his personal knowledge of Smith's involvement

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

would be free to circumvent the injunctive relief granted by the arbitrator through the operation of his other businesses.  Based upon the evidence provided by Kirby Morgan, the Court finds that Kirby Morgan would suffer an inequitable result if Smith were not held personally liable for the arbitration award.  Therefore, the Court finds that Smith was Hydrospace's alter ego.  As the Court has personal jurisdiction over Hydrospace, the Court has personal jurisdiction over him.  *See Flynt Distributing Co.*, 734 F.2d at 1393.

### C.   Validity of Ex Parte Arbitration Against Smith

Smith argues that the *ex parte* arbitral proceedings offended his due process rights.  *See Reply* 12:1.  However, Smith's refusal to participate in the arbitration does not undermine this Court's authority to enforce the award against him.  *See Wilber v. Print Shack, Inc.*, No. 88-15750, 1990 WL 15467, at *3 n.2 (9th Cir. Feb. 21, 1990) ("[T]he Wilbers also suggest that a court may not confirm an ex parte arbitration award.  However, knowing and willful absence from the hearing may not upset the ex parte arbitration award . . . . Allowing ex parte arbitration awards to stand when absence was willful comports with the FAA's goal to make arbitration agreements as irrevocable as other contractual provisions." (internal citations omitted)); *Am. Postal Workers Union  of L.A., AFL-CIO v. U.S. Postal Serv.*, 861 F.2d 211, 216 (9th Cir. 1988) (noting that "conducting an *ex parte* hearing of which one party had *no notice*, and unreasonably refusing to grant a continuance, may be grounds for vacating an award" (emphasis added) (citing 9 U.S.C.  § 10(c))).

In this case, the arbitration clause specified that the rules of the American Arbitration Association would govern the proceedings, *see B. Morgan Decl.*, Ex. A ¶ 16, and those rules permit proceeding on a default basis if "a party, duly notified under these Rules, fails to appear at a hearing," *Am. Arbitration Ass'n, Intern'l Dispute Resolution Procedures*, Art. 23.[6]  Smith

---

in the commercial dive industry).  Furthermore, for the same reasons discussed with regard to the Abbreviated Balance Sheet for Hydrospace, the document is sufficiently authenticated.

[6] The Court has the discretion to take judicial notice of a fact when it is either (1) generally known within the territorial jurisdiction of the Court, or (2) readily verifiable by reference to sources whose accuracy cannot reasonably be questioned.  *See Fed. R. Evid.* 201(b), (c).  The Court takes judicial notice of Article 23 of the American Arbitration Association, International Dispute Resolution Procedures, because the substance of Article 23 is readily verifiable by reference to the rules themselves.  *See Am. Arbitration Ass'n, Intern'l Dispute Resolution Procedures*, Art. 23, *available at* http://www.adr.org/icdr.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

had ample notice of the arbitration proceedings against him. *See Cislo Decl.*, Ex. B (presenting a record of notice to Smith and Hydrospace at various stages of the arbitration). Indeed, Smith filed a petition with this Court to quash the arbitration, proving that he was aware of the proceedings. The Court will not penalize Kirby Morgan for Smith's deliberate decision to boycott the arbitration.

      D.     <u>Kirby Morgan's Failure to File an Initial Motion to Compel</u>

Smith also argues that Kirby Morgan's award must be "thrown out" because Kirby Morgan failed to obtain a court order compelling Smith's participation in the arbitration. *See Reply* 12:4-11. However, for the reasons that follow, Kirby Morgan was not required to file a petition to compel arbitration prior to arbitrating its claims against Hydrospace and Smith. Contrary to Smith's claim that California law governs this issue, *see id.* 12:12-19, the FAA governs issues of arbitration even when an arbitration clause contains a choice-of-law provision. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (citing *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62-64, 115 S. Ct. 1212, 131 L. Ed. 2d 76 (1995).[7] Therefore, the FAA governs whether Kirby Morgan was required to seek an order compelling arbitration, and thus Smith's citations to California case law on this subject are inapplicable.

Under the FAA, a party "*may* petition any United States district court" for an order compelling arbitration if a party refuses to participate in arbitration under a self-executing arbitration clause. *See* 9. U.S.C. § 4 (emphasis added); *Greg Opinski Const., Inc. v. Braswell Const., Inc.*, 2009 WL 3789609, *4 (E.D. Cal. Nov. 10, 2009) (noting that seeking an order compelling arbitration is "not required given the permissive language employed in the [FAA]"). An arbitration clause is "self-executing" if it "permits and provides for arbitration under rules therein incorporated without the need for a prior court order." *Greg Opinski Const.*, 2009 WL

---

      [7] At oral argument, Smith's counsel cited *Volt Information Sciences, Inc. v. Bd. of Trustees*, 489 U.S. 468, 109 S. Ct. 1248, 103 L. Ed. 2d 488 (1989), to argue that state law should govern this Court's resolution of issues of arbitrability. However, as the Ninth Circuit distinguished in *Chiron*, 207 F.3d at 1130-31, the *Volt* case involved a state court's interpretation of a choice of law provision under state law. This case is in federal court and, thus, must be evaluated under the FAA. *See Chiron*, 207 F.3d at 1131.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

3789609, *4 (quoting *Mitchum, Jones & Templeton, Inc. v. Chronis*, 72 Cal. App. 3d 596, 601, 140 Cal. Rptr. 160 (1977)).  Just as the arbitration clause in *Greg Opinski Construction* simply stated that the parties agreed to arbitrate in accordance with rules of the Construction Industry Arbitration Rules of the American Arbitration Association, *see id.*, the arbitration clause in this case incorporated the rules of the American Arbitration Association, *see B. Morgan*, Ex. A ¶ 16. Thus, the arbitration clause in this case was self-executing,[8] and Kirby Morgan was not required to procure an order to compel arbitration before proceeding against Smith under the FAA. Therefore, Kirby Morgan's Petition will not be denied on this ground.

    E.    <u>Grounds for Vacatur or Modification of the Award</u>

Smith claims that the arbitrator exceeded its authority in awarding injunctive relief and punitive damages.  Under the FAA, the Court must confirm the award and enter judgment, unless the award is subject to vacatur, modification, or correction in accordance with §§ 10 and 11 of the FAA.  *See* 9 U.S.C. § 9; *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) ("Review of an arbitration award is both limited and highly deferential and the arbitration award may be vacated only if it is completely irrational or constitutes manifest disregard of the law. . . . [T]he 'completely irrational' standard is extremely narrow and is satisfied only where [the arbitration decision] fails to draw its essence from the agreement."); *see also* 9 U.S.C. § 10(a); 9 U.S.C. § 11.

An arbitral decision must be limited to matters submitted to the arbitrator and must draw "its essence" from the underlying agreement.  *See Comedy Club*, 553 F.3d at 1288; *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1321 (5th Cir. 1994); *see also* 9 U.S.C. § 11 (permitting modification of an arbitral award where the arbitrator exceeded the scope of the matters submitted).  In this case, the arbitrator awarded injunctive relief where Kirby Morgan's Demand for Arbitration included a request for "other and further relief as permitted by law and/or equity."  *C. Morgan Decl.*, Ex. D, at 45-46.  Furthermore, the arbitrator awarded punitive damages upon a finding that Smith acted with malice and oppression. *See Cisclo Decl.*, Ex. A, at 13-15  Therefore, Smith has not presented sufficient grounds for vacatur or modification of the award.

---

    [8] Although Smith's counsel maintained that the Agreement was not self-executing as to Smith (as he did not sign the Agreement in his personal capacity), counsel conceded that the Agreement was self-executing as to Hyrdrospace because it incorporated the rules of the AAA.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-4934 PSG (FFMx) | Date | January 13, 2010 |
|---|---|---|---|
| Title | Kirby Morgan Dive Systems v. Hydrospace Ltd. *et al.* | | |

IV.   <u>Conclusion</u>

Based on the foregoing, the Court:

1.      CONFIRMS Petitioner's Arbitration Award; and

2.      ENTERS Judgment in a separate Judgment.

**IT IS SO ORDERED.**